IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DESNIQUE DESHAWN HERNDON | § | |
| VS. | § | CIVIL ACTION NO. 6:22-219 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Desnique Deshawn Herndon filed a petition under 28 U.S.C. § 2241 to challenge his pretrial detention on pending federal charges. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For the reasons explained below, the Court recommends that the petition be denied and the case be dismissed without prejudice to Petitioner's ability to raise his various claims as appropriate in his criminal case and any later challenges to conviction.

**I. The Petition and Relevant Background**

Petitioner is one of several defendants in *U.S. v. Herndon*, No. 6:21-CR-00054, where he faces multiple counts of violating 18 U.S.C. § 1591(a) (sex trafficking of a minor) and one count of violating 18 U.S.C. § 1594(c) (conspiracy to commit sex trafficking of minors). He originally waived a detention hearing and was ordered to be detained on August 6, 2021. Order of Detention, *U.S. v. Herndon*, No. 6:21-CR-00054 (E.D. Tex. Aug. 6, 2021). On November 19, 2021, a new attorney was substituted as counsel for Petitioner, and on November 26, 2021, he moved through counsel for pretrial release or a detention hearing. The Court held the requested hearing on December 7, 2021, and found that Petitioner did not introduce sufficient evidence to rebut the

presumption that detention is appropriate for defendants under indictment for violating Section 1591. Detention Order, *id.* (E.D. Tex. Dec. 7, 2021). Accordingly, the Court ordered Petitioner remanded for confinement. *Id.* His case is currently set for trial on August 8, 2022.

Petitioner submitted the instant petition pro se on June 4, 2022. In it, he raises four grounds for relief: (1) a challenge to his pretrial detention; (2) insufficient evidence to support the indictment; (3) ineffective assistance of counsel; and (4) a demand for judgment of acquittal for lack of evidence. (Dkt. #1 at 7–8.) He seeks supervised release or a new detention hearing and "any other relief" that is appropriate upon review of sufficiency of the indictment. (*Id.* at 8.)

## II. Standard of Review

The Rules Governing Section 2254 cases ("Habeas Rules"), which also apply to petitions brought under Section 2241, *see* Habeas Rule 1(b), require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. Pro se habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

## III. Discussion and Analysis

All of Petitioner's instant challenges are available to be raised in his pending criminal proceeding or any subsequent appeal or collateral challenge. Accordingly, they are not appropriate bases for the exceptional relief he seeks. The Supreme Court established long ago that criminal defendants should pursue the remedies available to them within the criminal action, rather than through the extraordinary remedy of habeas corpus. *See*, *e.g.*, *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the

regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 (1905) (vacating order granting habeas corpus relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and appeal). Federal courts, including the United States Court of Appeals for the Fifth Circuit, continue to follow this rule. *See Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988) (holding Section 2241 was not "an appropriate remedy for pretrial detention" where the detention could be challenged under the Bail Reform Act, 18 U.S.C. § 3145, and other claims, including ineffective assistance of counsel and insufficient evidence to convict, could be pursued "at a later date" through direct appeal or collateral attack under 28 U.S.C. § 2255); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").

Accordingly, absent special circumstances not present in this case, federal pretrial detainees should not file civil Section 2241 actions to challenge their detention or other pretrial matters because other remedies are available to them in the ordinary course of their criminal cases. *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 245 (3d Cir. 2018). Petitioner's habeas petition should, therefore, be dismissed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, without prejudice to Petitioner's ability to raise his claims within his pending criminal case and any subsequent challenges to it.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of June, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE